# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00640-CV

### In re Frank Wilkins

### ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Frank Wilkins has filed a petition for writ of habeas corpus complaining of a defective indictment in his underlying criminal proceeding.[1] This Court has no original habeas corpus jurisdiction in criminal law matters; our original jurisdiction to entertain applications for writ of habeas corpus extends solely to the actions of judges in civil cases. *See* Tex. Gov't Code § 22.221(d). Our habeas corpus jurisdiction in criminal matters is appellate only. *In re Hall*, No. 03-17-00778-CV, 2017 WL 5985541, at *1 (Tex. App.—Austin Nov. 30, 2017, orig. proceeding). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05; *see also In re Hall*, 2017 WL 5985541, at *1.

Accordingly, we dismiss Wilkins' application for writ of habeas corpus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

---

[1] Relator also presented a motion for leave to file his petition for writ of habeas corpus. Leave is not required in original proceedings in the court of appeals, but only in the Court of Criminal Appeals. *See* Tex. R. App. P. 52 Notes and Comments; 72.1. Relator's motion for leave to file is dismissed as moot.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed:   December 17, 2021